**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL C. CLARKE, | No. 11-15232 |
| Petitioner - Appellant, | D.C. No. 3:09-cv-03232-CRB |
| v. | |
| JAMES A. YATES, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, Senior District Judge, Presiding

Argued and Submitted Monday, December 2, 2013
San Francisco, California

Before: HAWKINS, GOULD and PAEZ, Circuit Judges,

Petitioner Daniel C. Clarke appeals the district court's denial of his 28

U.S.C. § 2254 habeas petition challenging his conviction of fifteen counts of lewd

acts upon a minor. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Clarke argues that the trial court's limitations on his ability to cross-examine

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

three witnesses violated his Sixth Amendment right of confrontation. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas relief only if the limitations on cross-examination involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States.[1] 28 U.S.C. § 2254(d)(1). Although the Confrontation Clause of the Sixth Amendment guarantees defendants the opportunity to cross-examine the prosecution's witnesses, *Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986), defendants are not entitled to "cross-examination that is effective in whatever way, and to whatever extent, the defense might wish," *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985).

We utilize the approach applied in *Fowler v. Sacramento County Sheriff's Department* to determine if the trial court's limitations on Clarke's right to cross-examination were an objectively unreasonable application of federal law. 421 F.3d 1027, 1038 (9th Cir. 2005). First, we must consider "whether the proffered cross-examination sufficiently bore upon [the witness's] reliability or credibility such that a jury might reasonably have questioned it." *Id.* Second, if so, we must consider "whether the trial court's preclusion of this cross-examination was

---

[1] The last reasoned state court decision that addressed the limitations on the scope of Clarke's cross-examination was the trial court's. Thus, that is the decision we review here. *See Ylst v. Nunnemaker*, 501 U.S. 797, 806 (1991).

unreasonable, arbitrary or disproportionate given its concerns." *Id.*

Clarke first argues that the trial court unconstitutionally limited his right to cross-examination when it prevented him from asking questions regarding the victim, M's, prior sexual conduct and M's knowledge of her friend K's molestation. Clarke argues that these lines of questioning would have allowed him to establish an alternative source for M's sexual knowledge and to rebut the prosecution's efforts to portray M as sexually naive. Although limitations on cross-examination into a victim's sexual interests or sexual history can amount to an unreasonable application of clearly established federal law, the trial court's limitations on Clarke were not objectively unreasonable. *See Holley v. Yarborough*, 568 F.3d 1091 (9th Cir. 2009); *LaJoie v. Thompson*, 217 F.3d 663 (9th Cir. 2000).

The trial court reasonably found that M was not portrayed in a sexually naive manner by the prosecution. Under such circumstances, cross-examination of M regarding her prior sexual experiences or awareness of her friend K's molestation was not likely to bear on M's reliability or credibility such that a jury might reasonably have questioned her. *See Fowler*, 421 F.3d at 1038.

Clarke next argues that he was denied his constitutional right of confrontation when the trial court refused to permit him to cross-examine M about

her bipolar disorder and the medication she took to manage her condition. According to Clarke, this proposed line of questioning would have shown that M was a difficult child and would have provided an alternative explanation for Clarke's motivations to treat M more favorably than her siblings. Although Clarke was entitled to cross-examine M, the trial court retained wide latitude to impose reasonable limitations on the scope of cross-examination. *See Fensterer*, 474 U.S. at 20. Here, the trial court allowed Clarke to question M regarding her mood changes and also allowed Clarke to question other witnesses about M's mental health. To the extent the trial court prohibited Clarke from eliciting testimony from M about her diagnosis or the effects of her medication because she was not an expert on such topics, such limitations were not objectively unreasonable.

Clarke also challenges the trial court's limitations on his cross-examination of M's mother regarding evidence of M's possible past abuse by her biological father. Clarke contends that such questioning would have provided an alternative explanation for the evidence of M's past abuse that was presented at trial. Clarke offers no evidentiary basis for this line of questioning and his suggestion of past abuse is entirely speculative. Accordingly, Clarke has not shown that this line of questioning would have had any impact on M's reliability or credibility, and the trial court's decision to preclude it was not objectively unreasonable. *See Fowler*,

4

421 F.3d at 1038.

Finally, Clarke contends that he should have been permitted to cross-examine M's friend K regarding K's molestation, the facts she shared with M and why she did not report M's allegations. As previously discussed, limitations on cross-examination regarding K's molestation and the facts she shared with M were not objectively unreasonable. Moreover, Clarke was allowed to pursue questioning regarding K's failure to report M's allegations during his cross-examination of K. Accordingly, the trial court's limitations were not objectively unreasonable.

Because the trial court's limitations on Clarke's cross-examination of M, M's mother and K were not an unreasonable application of clearly established federal law as determined by the United States Supreme Court, we affirm the district court's denial of habeas relief.

**AFFIRMED.**